UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD HUNTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-2257 (RCL) |
| CORRECTIONS CORPORATION OF AMERICA, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

In this prisoner action filed *pro se*, plaintiff alleges that while confined at the Correctional Treatment Facility ("CTF") in the District of Columbia, he was denied his right of due process "by the disciplinary board" and "was place[d] in a cell naked for hours." Complaint at 5. He claims that defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff seeks $380,000 in damages for "mental anguish." *Id*.

Plaintiff sues CTF operator Corrections Corporation of America ("CCA"), CTF Warden Figueroa, and three CTF officers. He also names as defendants the D.C. Department of Corrections, DOC Director Odie Washington, Mayor Anthony Williams, and D.C. Jail Warden Steven A. Smith. Pursuant to Fed. R. Civ. P. 12(b)(6), the CCA defendants have moved collectively for dismissal of the complaint, as have the District of Columbia defendants. Upon consideration of the parties' submissions and the entire record, the Court will grant both motions and dismiss the case.

*1. District of Columbia Defendants' Motion to Dismiss*

The District of Columbia defendants assert correctly that the Department of Corrections cannot be sued separately from the District of Columbia.  They suggest that substituting the District of Columbia as the proper defendant would be futile because (1) the complaint does not satisfy the pleading requirement of the Prison Litigation Reform Act ("PLRA"), and (2) the complaint fails to state a claim upon which relief may be granted.  Defendants are correct on both counts.

The PLRA bars prisoners from bringing a "[f]ederal civil action . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e); *see generally Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Cir. 1998) (confirming constitutionality of Section 1997e(e) with respect to claim for damages).  Plaintiff has not pleaded a physical injury and therefore has failed to state a claim for damages.  *See Zehner v. Trigg*, 133 F.3d 459, 460 (7th Cir.1997) (no recovery of damages under § 1997e(e) where plaintiffs exposed to asbestos did not claim physical injury).

To maintain his claim against the District of Columbia and the individuals sued only in their official capacities, plaintiff must plead sufficient facts to establish municipal liability.[1]  A municipality may be held liable for damages under 42 U.S.C. § 1983 only when it is shown that the individual wrongdoers were acting pursuant to an unconstitutional policy, practice or custom promulgated or sanctioned by the municipality.  *Daskalea v. District of Columbia*, 227 F.3d 433,

---

[1] "A  section 1983 suit for damages against municipal employees in their official capacities is [] equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir.1996) (internal citations omitted).

441 (D.C. Cir. 2000); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997). Plaintiff admits that "the District of Columbia was not directly [involved] in the abusive action." Pl.'s Opp. at 4. He seeks instead to hold the District liable for alleged wrongs committed by its contractor. Recovery under section 1983 cannot be based on such theories as *respondeat superior* or vicarious liability. *Graham v. Davis*, 880 F.2d 1414, 1421 (D.C. Cir. 1989) (citation omitted). Plaintiff therefore fails to state a claim upon which relief may be granted against the District of Columbia.

*2. CCA Defendants' Motion to Dismiss*

Plaintiff has not opposed the CCA defendants' motion to dismiss. Plaintiff was advised that the Court would treat the motion as conceded if he failed to file a response within 14 days of the Order. *See* Order (June 13, 2005). He was previously advised about the consequences of not responding to a dispositive motion, *see* Order of March 3, 2005, and responded accordingly with respect to the District of Columbia defendants' motion. The Court therefore finds that plaintiff has conceded CCA's Rule 12(b)(6) motion to dismiss.

For the preceding reasons, the District of Columbia defendants' motion to dismiss is granted for failure to state a claim upon which relief may be granted. The CCA defendants' motion to dismiss is granted as conceded. A separate Order accompanies this Memorandum Opinion.

_____s/_____
Royce C. Lamberth
United States District Judge

Date:  February 24, 2006